IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Andrey Bridges, | Case No. 1:15 CV 2556 |
| Petitioner, | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| Brigham Sloan, | JUDGE JACK ZOUHARY |
| Respondent. | |

## INTRODUCTION

Petitioner *pro se* Andrey Bridges, a state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Under Local Civil Rule 72.2(b)(2), the Petition was referred to Magistrate Judge William Baughman. Judge Baughman later issued a Report and Recommendation (R&R) (Doc. 47), concluding that the Petition should be dismissed in part and denied in part. Bridges replied (Doc. 59). Having reviewed the R&R and the Reply, this Court adopts the R&R in its entirety.

## PROCEDURAL HISTORY

Because Bridges does not object to the procedural history set forth in the R&R (Doc. 47 at 4–36), this Court incorporates that history into this Order by reference and provides the following summary.

In November 2013, following a trial in Ohio state court, a jury convicted Bridges of murder, tampering with evidence, felonious assault, and offenses against a human corpse (Doc. 25-1 at 25). Bridges unsuccessfully challenged his convictions through direct and collateral appeals in the Ohio courts (Doc. 47 at 15–33). He is serving a sentence of eighteen years to life (*id.* at 3).

Bridges filed his federal habeas Petition *pro se* in December 2015 (Doc. 1). Judge Baughman appointed counsel to represent Bridges and clarify his Petition (Doc. 9). But because of "irreconcilable differences" between Bridges and his appointed counsel, Bridges chose to proceed *pro se* (Docs. 19, 20).

Judge Baughman issued his R&R in August 2018 and warned Bridges that "[f]ailure to file objections [to the R&R] . . . waives the right to appeal the District Court's order" (Doc. 47 at 78). This Court later extended the deadline for Bridges' Reply to the R&R, granting him until late September 2018 "to file any specific objections he has . . ." (Doc. 55) (emphasis in original). Bridges timely filed his Reply (Doc. 59).

**STANDARD OF REVIEW**

This Court reviews *de novo* any portions of an R&R to which a habeas petitioner objects. 28 U.S.C. § 636(b). Such objections must, however, "*specifically* identify the portions of the [R&R] . . . to which objection is made and *the basis for such objections*." Local Civil Rule 72.3(b) (emphasis added). They "must be clear enough to enable the district court to discern those issues that are . . . contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An unclear or merely general objection to an R&R is effectively no objection at all. *See id.; Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *Howard*, 932 F.2d at 509 (citation omitted).

**ANALYSIS**

The Petition asserts thirteen grounds for relief (Doc. 1 at 15–24). This Court agrees with the R&R's observation that these grounds are "unfocused . . . [and] raise numerous sub-claims and interrelated arguments" (Doc. 47 at 49) (internal quotation omitted). Nevertheless, the R&R met its

2

obligation to liberally construe this *pro se* Petition. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Following a meticulous, 40-page analysis, the R&R concluded that Grounds 1, 2, and 3, and parts of Ground 4, should be denied on the merits (Doc. 47 at 55, 71–72, 75–76); Grounds 5, 6, 7, 9, and 11, and the remainder of Ground 4, should be dismissed as procedurally defaulted (*id.* at 57, 68);[1] and Grounds 8, 10, 12, and 13 should be dismissed as non-cognizable (*id.* at 69–71).

To the extent that the Reply asserts coherent arguments, it largely (1) restates the Petition's general contentions and (2) broadly asserts that the R&R reached unreasonable conclusions. Such arguments are not specific objections that would require this Court to review the R&R *de novo*. *See Miller*, 50 F.3d at 380.

This Court discerns only one specific objection in the Reply. Bridges objects to the R&R's determination that Ground 4(f) of his Petition is procedurally defaulted (Doc. 59 at 8). Ground 4(f) claims ineffective assistance of appellate counsel. Specifically, Bridges asserts (1) that his trial was constitutionally flawed due to the admission of supposedly false testimony regarding the weather on the day of the crime and (2) that his appellate counsel was constitutionally ineffective for failing to raise this argument (Doc. 1 at 16–19). The R&R concluded that Ground 4(f) is procedurally defaulted because Bridges did not raise it in the Ohio courts (Doc. 47 at 57). In his Reply, Bridges points to *State v. Bridges*, 2015 WL 9438519 (Ct. App. Ohio 2015), as "proof" that he did raise Ground 4(f) in state court (Doc. 59 at 8). But Bridges is incorrect. That state court decision demonstrates that he asserted a claim of ineffective assistance of trial counsel, not of appellate counsel. *Bridges*, at ¶ 9. This Court therefore overrules this objection to the R&R.

---

[1] This Court assumes that the R&R inclusion of Ground 1as a procedurally defaulted claim, at page 68, is a typographical error (*see* Doc. 47 at 55, 71–72).

**CONCLUSION**

This Court adopts the R&R (Doc. 47) in its entirety.  The Petition (Doc. 1) is dismissed with prejudice in part and denied in part.  Additionally, Bridges has not made a substantial showing of the denial of a constitutional right, so this Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

February 25, 2019